Thomson, J.,
delivered the opinion of the court.
This controversy concerns the ownership of a claim against the Union Pacific Railway Company. A matter of difference between Frank R. Campbell and the company, growing out of a failure of title to land, was settled and adjusted between-them by the allowance of $1,150 to Campbell. The appellee brought suit against Campbell and others and garnisheed the company. The latter answered, setting forth the settlement with Campbell, and the allowance to him; but averred that a notice had been served upon it of the assignment of the indebtedness by Frank R. Campbell to the appellant, George B. Campbell. Upon petition of the plaintiff (appellee) the appellant was brought into court to disclose his title to the claim. He thereupon filed a paper in the nature of a petition in intervention, alleging the assignment of the claim to him by Frank R. Campbell for a valuable and adequate consideration a considerable time before the garnishment, without knowledge on his part of any indebtedness from Frank R. to the plaintiff. The testimony of the intervenor at the hearing sustained the averments of his petition in every particular. It showed that he made the purchase in good faith and for value; that he knew nothing of the claim of the plaintiff against Frank R., and supposed that the latter was solvent; and that he had notified the Railway *360 Company of the assignment before the garnishment process was served. The testimony was not shaken in the least degree, and its contradiction was not even attempted.
The court, instead of directing a verdict for the intervenor, instructed the jury that if they believed the transaction was entered into for the purpose of defrauding the plaintiff, or if there was an arrangement between the interveuor and Frank R. Campbell whereby the latter was to receive back any portion of the money, they should find for the plaintiff. The verdict was in the plaintiff’s favor; and, after a refusal by the court to set it aside, was followed by a corresponding judgment, from which the intervenor has appealed.
No error is assigned upon the instructions. We shall therefore refrain from comment upon them. The verdict and judgment are properly before us, but there is not much to be said about them. The verdict passes our understanding. We cannot find in the record the slightest justification for it. There is an utter want of evidence of any kind from which even a remote inference favorable to it might be drawn. There was a motion to set it aside, which, instead of being denied, should have been promptly sustained.
The judgment will be reversed.

Reversed.